PER CURIAM
Respondent Gerard Schapp ("Respondent") filed an application for letters of administration, identifying five siblings and a "possible son born out of wedlock" as heirs in the estate of Joseph Schapp ("Decedent"). Appellant Jason Schapp (a/k/a Jason Pruett; hereinafter, "Appellant") filed his petition for determination of heirs within the probate case. Appellant alleged in his petition he was Decedent's illegitimate *507 son and sole heir. After an evidentiary hearing, the probate court issued its order and judgment denying Appellant's Petition.
Appellant raises two points on appeal. For Point I, Appellant argues the probate court erred in denying his petition because Appellant established Decedent's paternity through clear and convincing proof, including the testimony of Appellant's mother, two social security cards, a consent order entered in 1983 for temporary visitation rights for and child support from Decedent in an order of protection action, and his birth certificate naming him Jason Schapp. For Point II, Appellant argues the probate court erred because paternity had been previously adjudicated in the consent temporary order of protection granting visitation rights and requiring child support. We affirm.[1]
We have reviewed the briefs of the parties and the legal file and find no error of law appears. As an extended opinion would serve no jurisprudential purpose, we affirm the judgment under Rule 84.16(b).

Respondent's motion to dismiss appeal is denied.